PERRY & BUCKLEY CO. v. EASTMAN CO., INC.

———

(February 17, 1930. Opinion and Decree.)

———

Charles J. Denechaud and Ernest J. Robin, of New Orleans, attorneys for plaintiff, appellee.

Lemle, Moreno & Lemle, of New Orleans, attorneys for defendant, appellant.

HIGGINS, J. This is a suit on a quantum meruit for the sum of $485.08, alleged to be due under a verbal contract for certain printing work. Defendant admitted owing three items of $43.05 which were deposited in the registry of the court, but contested the balance of the claim on the ground that certain charges were exorbitant and exceeded a fair and reasonable charge for the work and that the plaintiff was not entitled to charge 10 per cent commission on other items.

There was judgment in favor of plaintiff for the full amount and the defendant has appealed.

The record shows that the plaintiff has been in business in this city for about twenty-three years and that the defendant has patronized the plaintiff for a period of about twenty years. The defendant desired to have certain printing work done and by a verbal contract, engaged plaintiff without agreeing upon any price for the work. The plaintiff charged $53.20 for printing 250 typewriter letterheads and $187.75 for printing one thousand circulars.

Defendant admitted that plaintiff performed the work but proved by the representatives of three other reputable printing houses that these contested items could be done for very much less than the plaintiff charged. From this evidence it is conclusive that the charge made by the plaintiff for these two items is excessive. We have concluded that a fair charge would be $32.50 for the letterheads and $90 for the circulars.

The other item contested by defendant was a charge of 10 per cent commission for placing with the Grelle-Egerton Engraving Company the creation and making of colored plates. The evidence shows that the plaintiff was not engaged in the business of making colored plates required by defendant in the printing job, which was let to the plaintiff. Plaintiff had this work done by the Grelle-Egerton Engraving Company, who charged the plaintiff the same amount that it would have charged the defendant had the work been done directly for the defendant. The evidence convinces us that it would have been a simple matter for the defendant to have had Grelle-Egerton Company make these plates for it without the assistance of the plaintiff. The record fails to convince us that the plaintiff rendered any necessary service in connection with these plates. Plaintiff did not prove that it was customary in matters of this kind to receive a 10 per cent commission for letting the making of the plates to Grelle-Egerton Company and as there was no agreement to pay plaintiff such a commission we are of the opinion that the charge of 10 per cent commission should be rejected.

We find the plaintiff is entitled to recover $43.05 admitted to be due by the defendant, $32.50 for letterheads, $90 for circulars and $156.65 paid to Grelle-Egerton Company for the plates, or a total of $322.20.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be and it is amended so as to reduce the amount allowed plaintiff to $322.20 with legal interest from judicial demand until paid and as thus amended, affirmed.